UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BETTY J. HENRY,

    Plaintiff,

v.                           Case No. 8:08-cv-2250-T-33TGW

BRYAN MORRIS, et al.,

    Defendants.
_____/

**<u>ORDER</u>**

This matter is before the Court on consideration of the United States' Motion to Dismiss (Doc. # 7), filed on January 12, 2009, and Defendant Mark A. Pizzo's Motion to Dismiss (Doc. # 11), filed on February 17, 2009. Plaintiff Betty J. Henry filed responses to these motions on January 28, 2009 (Doc. # 10), and April 6, 2009 (Doc. # 13). For the reasons that follow, Defendants' motions to dismiss are granted.

**I.   Background**

On July 2, 2008, the United States filed a petition for judicial approval of levy upon Betty J. Henry's principal residence. (Doc. # 7 at 2); <u>See</u> <u>United States v. Henry</u>, Case No. 8:08-cv-1265-27-T-MAP (M.D. Fla. July 2, 2008) ("the Underlying Case"). Through the levy, the Government sought collection of Henry's unpaid income tax liabilities for 1993

and 1994.  (Doc. # 7 at 2).  According to the Government, Henry filed returns for 1993 and 1994 that falsely indicated a zero balance due for each of those years.  (Id.).

On November 3, 2008, Magistrate Judge Mark A. Pizzo issued an Order granting the Government's petition for judicial approval of levy of Henry's residence.  (Underlying Case, Doc. # 23).  Judge Pizzo found that the Government had demonstrated that Henry's underlying income tax liability for the tax years 1993 and 1994 had not been satisfied, and that Henry had failed to rebut the Government's *prima facie* showing.  (Id. at 1).  Consequently, Judge Pizzo granted the petition for judicial approval of the levy.  (Id.).

On November 12 and 17, 2009, Henry filed motions to vacate the November 3, 2008, Order.  (Underlying Case, Doc. ## 25, 26).  The motions were construed as motions to alter or amend judgment pursuant to Rule 59(e), Fed.R.Civ.P., or, alternatively, as motions for relief from final judgment pursuant to Rule 60(b), Fed.R.Civ.P., and denied by Magistrate Judge Pizzo on November 20, 2008.  (Underlying Case, Doc. # 29).  Henry then filed a motion to vacate the motion to vacate, which was denied by District Judge James D. Whittemore on January 29, 2009.  (Underlying Case, Doc. ## 30, 31, 34).  Henry filed a notice of appeal on February 6, 2009, but

2

voluntarily dismissed the appellate case on May 7, 2009. (Underlying Case, Doc. ## 35, 41).

Henry initiated this action on November 12, 2008, by filing a petition for Writ of Mandamus against Magistrate Judge Mark A. Pizzo; Bryan Morris and John Shatraw, two Internal Revenue Service ("IRS") Officers; and Stephen C. McDowell, an attorney with the United States Department of Justice. (Doc. # 1). Henry seeks "declaratory and mandatory relief" relating to Defendants' actions whereby they allegedly failed "to follow judicially the law as prescribed in the Administrative Procedures Act [("APA")] . . . through application of Part 301 'housekeeping' regulations of the Internal Revenue Codewhich are not substantive and do not have the 'force and effect of law.'" (Id. at 2).

Specifically, Henry seeks an order of this Court (1) declaring that Defendants' actions in filing Notices of Federal Tax Liens and levying Henry's assets constitute "arbitrary and capricious abuse of discretion as all are in violation of substantive regulations as promulgated in Part I" of the Internal Revenue Code; (2) compelling Defendants to cease and desist their unlawful actions; (3) ordering Defendants to make restitution and/or return all property that was wrongfully taken; (4) declaring that Defendants' action in

3

filing the petition for judicial approval of levy upon Henry's principal residence is a violation of the APA "in that 26 C.F.R. § 301.6334 is not a substantive regulation" having the force and effect of law; and (5) vacating the Court's previous Order granting the petition for judicial approval of levy upon Henry's principal residence. (Id. at 20-21).

Defendants have moved for dismissal of this action, claiming, among other things, that Henry's claim fails to meet the standards of a legitimate mandamus action and that the action is barred by the doctrines of judicial and sovereign immunity. (Doc. ## 7 at 3-8; 11 at 4-14). In response, Henry argues that mandamus is warranted because "it is the only way that Petitioner has to get her arguments heard by the Court." (Doc. # 10 at 17). Henry also asserts that, pursuant to 5 U.S.C. § 702, the United States has waived its sovereign immunity as to suits seeking relief other than monetary damages under the APA. (Id. at 11-12).

**II. Analysis**

Mandamus is a dramatic and extraordinary remedy to be invoked only in "exceptional circumstances amounting to a judicial usurpation of power . . . or a clear abuse of discretion. Cheney v. United States Dist. Court for Dist. of Columbia, 542 U.S. 367, 380 (2004) (internal quotations

4

omitted). In order to obtain mandamus, the party seeking the writ must establish two conditions: (1) there exists no other adequate means to obtain the desired relief; and (2) the party has a "clear and indisputable" right to the issuance of the writ. Id. at 380-81. Even if these two prerequisites are met, "the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." Id. at 381. Henry fails to meet any of these conditions.

The Supreme Court has declared that the first condition, requiring that there be no other adequate means to attain relief, is designed to "ensure that the writ will not be used as a substitute for the regular appeals process." Id. at 380-81. However, it is clear that Henry is attempting to do just that. Henry filed her petition for mandamus in this case on the same date that she filed her motion for reconsideration of the Order authorizing the levy in the Underlying Case. After her motions for reconsideration in the Underlying case were denied, she failed to pursue her right to appeal the order authorizing the levy.

According to the Government, Henry also has not exhausted her administrative remedies regarding her dispute of the Government's tax assessment and collection action. (Doc. # 7

at 4). She did not challenge the validity of the tax assessment in Tax Court, nor did she avail herself of other avenues to seek relief from the allegedly invalid tax collection actions of the Government, such as a collection due process hearing under 26 U.S.C. § 6330. Thus, Henry has not met the first condition for mandamus.

Additionally, Henry cannot show that she has a "clear and indisputable" right to the writ. She does not offer any evidence or argument in support of her position that has not already been considered and rejected by Magistrate Judge Pizzo in the Underlying Case. Henry's tax liabilities were assessed pursuant to 26 U.S.C. § 6020(b), which authorizes the IRS to prepare substitute returns from information available to it when taxpayers refuse to file returns or file false or fraudulent returns. Her argument that the Government's assessments were unlawful because the administrative regulations related to assessment of taxes are not "substantive" is completely without merit and has been thoroughly addressed by Magistrate Judge Pizzo in the Underlying Case. Henry has not shown an abuse of discretion or a judicial usurpation of power on the part of Magistrate Judge Pizzo. Therefore, her petition for writ of mandamus

fails on the second condition as well.[1]

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The United States' Motion to Dismiss (Doc. # 7) is **GRANTED.**

(2) Defendant Mark A. Pizzo's Motion to Dismiss (Doc. # 11) is **GRANTED.**

(3) This case is **DISMISSED with prejudice**. The Clerk is directed to terminate any pending motions and deadlines and close the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 12th day of June 2009.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

---

[1] Because Henry's petition is denied on other grounds, it is unnecessary for the Court to analyze Defendants' sovereign immunity arguments. However, the Court notes that Henry's claims against Magistrate Judge Pizzo, which involve his judicial actions, are clearly barred by the doctrine of absolute judicial immunity. Stump v. Sparkman, 435 U.S. 349, 355 (1978). In addition, attorney's representing the Government in civil litigation are entitled to absolute immunity for their official conduct during adjudication of cases involving the Government. Fry v. Melaragno, 939 F.2d 832, 836 (9th Cir. 1991) (citing Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). Thus, Henry's claims against Dowdell are also barred.

Copies:

All Counsel of Record